IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

PHILLIP MICHAEL ANGELLAN,

                Plaintiff,

v.

DEMETRIOS KARGAS and NANCY DAHLSTROM,

                Defendants.

Case No. 3:25-cv-00306-SLG

## SCREENING ORDER

On October 28, 2025, self-represented prisoner Phillip Michael Angellan ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and summons on a state court form.[1] Plaintiff's claims relate to events that allegedly occurred while he was housed at the Yukon Kuskokwim Correctional Center ("YKCC") in the custody of the Alaska Department of Corrections ("DOC") as a pretrial detainee.[2] Plaintiff's Complaint alleges that YKCC Superintendent Demetrios Kargas and former DOC Commissioner Nancy Dahlstrom violated his rights by exposing him to unsafe water after a sewer pipe burst in September 2021 and contaminated the facility's well water. Plaintiff claims that he "soon began to have stomach and intestinal problems."[3] Plaintiff alleges

---

[1] Dockets 1-3.

[2] Docket 1 at 3.

[3] Docket 1 at 3.

that his medical issues continued to worsen because the sewage-contaminated well water at YKCC was the only water available to him until June or July 2022 when YKCC began using "city water."[4] Plaintiff claims that on or about December 7, 2023, he was diagnosed with Helicobacter pylori ("H. pylori") and told that he has "severe damage" to his stomach.[5] For relief, Plaintiff seeks damages in the amount of $1,000,000 and reimbursement for any future medical costs.[6]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

[4] Docket 1 at 3.

[5] Docket 1 at 3.

[6] Docket 1 at 8.

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 2 of 17

the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Although generally the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12] Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[13]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[14]

---

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[10] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[13] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

[14] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 3 of 17
Case 3:25-cv-00306-SLG     Document 7     Filed 02/23/26     Page 3 of 17

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[17]

### II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[18] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[19] To be deprived of a right,

---

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 4 of 17
Case 3:25-cv-00306-SLG   Document 7   Filed 02/23/26   Page 4 of 17

the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[20] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[21]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[22]

A supervisor can be held liable in his or her individual capacity under § 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[23]

### III. Screening Review of Plaintiff's claims

Plaintiff claims he became sick after dinking contaminated water while a pretrial detainee at YKCC. Plaintiff does not appear to allege that he was denied adequate medical care while at YKCC. Instead, Plaintiff's claim appears to be

---

[20] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[21] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[22] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[23] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 5 of 17
Case 3:25-cv-00306-SLG   Document 7   Filed 02/23/26   Page 5 of 17

directed at the alleged condition of the water itself and his contention that prison officials violated his rights by knowingly exposing him to the contaminated drinking water. Accordingly, the Court construes Plaintiff's claim as challenging the conditions of his confinement based on his alleged exposure to contaminated water, rather than deliberate indifference to his serious medical needs.[24]

Because Plaintiff was a pretrial detainee at the time the alleged events occurred, not a convicted prisoner, the Eighth Amendment does not apply.[25] Therefore, Plaintiff's claim under the Eighth Amendment is DISMISSED with prejudice. Instead, Plaintiff's claim from when he was a pretrial detainee is evaluated under the Due Process Clause of the Fourteenth Amendment.[26]

### A. Conditions of Confinement Claim

To state a Fourteenth Amendment conditions of confinement claim, a plaintiff must plausibly allege facts to support each of the following elements for each named defendant: First, the defendant made an intentional decision regarding the conditions under which the plaintiff was confined. Second, the

---

[24] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.34 (Particular Rights—Fourteenth Amendment—Pretrial Detainee's Claim re Conditions of Confinement/Medical Care) and the cases cited therein.

[25] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (noting that the protections of the Eighth Amendment's Cruel and Unusual Punishment Clause are "reserved for 'those convicted of crimes" and does not apply to pretrial detainees) (quoting *Whitley*, 475 U.S. at 318). *See also Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[26] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 6 of 17
Case 3:25-cv-00306-SLG   Document 7   Filed 02/23/26   Page 6 of 17

conditions of confinement put the plaintiff at substantial risk of suffering serious harm. Third, the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable correctional official under the circumstances would have understood the high degree of risk involved–making the defendant's conduct objectively unreasonable and the consequences of the defendant's conduct obvious. Fourth, by not taking such measures, the defendant caused the plaintiff's injuries.[27]

Liberally construed, the Complaint contains sufficient facts, that when accepted as true, state a plausible claim against Superintendent Kargas. However, Plaintiff has not stated a plausible claim against Commissioner Dahlstrom. Further, his claim against Superintendent Kargas appears to be time-barred by the applicable statute of limitations.

### B. Plaintiff's claim against former DOC Commissioner Dahlstrom

Plaintiff alleges that former DOC Commissioner Nancy Dahlstrom should be held liable for Plaintiff's injuries because she was responsible for the safety and well-being of all prisoners at the time of alleged water contamination.[28] Allegations that the actions or inactions of the person "answerable for the prisoner's safe-

---

[27] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.34 (Particular Rights—Fourteenth Amendment—Pretrial Detainee's Claim re Conditions of Confinement/Medical Care) and the cases cited therein.

[28] Docket 1 at 4.

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 7 of 17
Case 3:25-cv-00306-SLG    Document 7    Filed 02/23/26    Page 7 of 17

keeping" caused a plaintiff's injury may be sufficient to state a plausible claim of supervisory liability for deliberate indifference.[29]

Here, Plaintiff alleges no facts suggesting that former Commissioner Dahlstrom was personally aware of the alleged sewer pipe rupture, the resulting water contamination, or the substantial risk posed to Plaintiff's health. Instead, Plaintiff appears to rely solely on the Commissioner's supervisory role over the prison system, which is insufficient to establish liability under Section 1983. Therefore, the Complaint fails to state a claim against Defendant Dahlstrom, and the claim against her must be dismissed. Although amendment as to the former Commissioner is likely futile, Plaintiff is granted leave to amend this claim if he can demonstrate former Commissioner Dahlstrom was actually informed about the sewer pipe burst, knew that Plaintiff was getting sick from it, and deliberately did not take reasonable available measures to remedy the situation.

### C. Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued. "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[30] They also "ensure that claims are filed before essential evidence disappears."[31] Therefore, if a claim is not

---

[29] *Starr v. Baca,* 652 F.3d 1202, 1208 (9th Cir. 2011).

[30] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir. 2019).

[31] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 8 of 17
Case 3:25-cv-00306-SLG   Document 7   Filed 02/23/26   Page 8 of 17

filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[32] Section 1983 does not contain its own statute of limitations; therefore, courts apply the forum state's statute of limitations for personal injury actions.[33] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[34] In Alaska, the statute of limitations for personal injury claims is two years.[35]

A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[36] A claim ordinarily accrues on date of the injury.[37] "The proper focus is upon the time of the [injurious] acts, not upon the time at which the consequences of the acts became most painful,"[38] because otherwise "the statute would begin to run only after a plaintiff became satisfied that

---

[32] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[33] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[34] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[35] Alaska Stat. § 09.10.070.

[36] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[37] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[38] *Abramson v. University of Hawaii,* 594 F.2d 202, 209 (9th Cir. 1979).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 9 of 17
Case 3:25-cv-00306-SLG    Document 7    Filed 02/23/26    Page 9 of 17

he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief."[39]

Plaintiff appears to assert that he did not discover the full extent of the harm from drinking contaminated water at YKCC until a medical visit on December 7, 2023.[40] However, the Complaint demonstrates that Plaintiff's claim began accruing on or about September 2021 or shortly thereafter, when he began experiencing "stomach and intestinal problems" from the contaminated water.[41] Plaintiff claims he filed numerous grievances in the year following the contamination,[42] and that he specifically informed Superintendent Kargas that "drinking the contaminated water [made him] very sick" in July of 2022.[43] Plaintiff's worsening condition and subsequent diagnosis in late 2023 do not change the fact that Plaintiff was, or should have, been aware of his potential claim in September or October 2021. But Plaintiff did not file this case until October 28, 2025, approximately two years after the statute of limitations had expired in late 2023.

Plaintiff does not claim that he was legally incompetent during the two-year limitations period.[44] Nor has he pleaded "extraordinary circumstances" outside his

---

[39] *Wallace,* 549 U.S. at 391.

[40] Docket 1 at 4.

[41] Docket 1 at 3-4.

[42] Docket 1 at 4.

[43] Docket 1 at 3.

[44] Alaska Stat. § 09.10.140(a).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 10 of 17
Case 3:25-cv-00306-SLG    Document 7    Filed 02/23/26    Page 10 of 17

control that made it impossible for him to timely file his Complaint. Alaska courts have found even major life stressors—such as illness, homelessness, or imprisonment—insufficient to justify tolling of the statute of limitations.[45] And although a statute of limitations may be tolled while a prisoner was actively seeking relief through DOC's administrative grievance and appeal process,[46] a prisoner cannot indefinitely extend the statute of limitations deadline for his claims or revive a time-barred claim by serially pursuing administrative remedies.[47] Therefore, the additional grievances Plaintiff filed in 2022 and 2023 do not revive or extend the statute of limitations period.[48] For these reasons, Plaintiff's Complaint fails to demonstrate that the statute of limitations should be tolled on his claim.[49] However, the Court will not dismiss Plaintiff's claim as time-barred at this time.[50] If Plaintiff

---

[45] *Kaiser v. Umialik Ins.,* 108 P.3d 876, 882 (Alaska 2005) (finding divorce, incarceration, and illness insufficient to justify tolling the statute of limitations).

[46] *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005) (agreeing with the uniform holdings of the other circuits requiring the applicable statute of limitations to be tolled while a prisoner actively completes the mandatory exhaustion process)."

[47] *Soto v. Sweetman*, 882 F.3d 865, 871–75 (9th Cir. 2018). *Cf. Woodford v. Ngo,* 548 U.S. 81, 84 (2006) (explaining that PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal").

[48] *Knox v. Davis,* 260 F.3d 1009, 1013-1014 (9th Cir. 2001) (holding that the continuing impact from past violations is not actionable under the continuing violation doctrine, after concluding that subsequent denials were merely a continuing effect, not new violations).

[49] *See Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000).

[50] *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored when matters outside the complaint are not considered and where equitable tolling may apply).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 11 of 17
Case 3:25-cv-00306-SLG   Document 7   Filed 02/23/26   Page 11 of 17

files an amended complaint, he must plausibly allege facts to demonstrate that he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable two-year statute of limitations.

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[51] An amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. **An amended complaint must address whether Plaintiff properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.**

An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint should be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint. Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint

---

[51] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 12 of 17
Case 3:25-cv-00306-SLG   Document 7   Filed 02/23/26   Page 12 of 17

may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## V.     The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[52] The "three strikes" provision is "designed to filter out the bad claims and facilitate consideration of the good."[53] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[54] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's

---

[52] 28 U.S.C.A. § 1915(g).

[53] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[54] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 13 of 17
Case 3:25-cv-00306-SLG     Document 7     Filed 02/23/26     Page 13 of 17

head."[55] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[56]

### VI. Plaintiff's filing at Docket 6

On February 10, 2026, Plaintiff notified the Court that he had been transferred to the Wildwood Correctional Center.[57] Plaintiff asks the Court to send copies of his Notice of Change of Adress to Defendants in this case.[58] As explained above and in the Court's Standing Order, prisoner-plaintiff cases are subject to mandatory screening and Defendants are not active parties to this case unless and until they have accepted service or have been served with a Court-issued summons and a copy of a complaint that has survived screening. Further, the Court does not forward one party's documents to other parties other than through the Court's electronic filing system, CM/ECF. Here, Defendants have not appeared in this case and should not be served with any filings until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failure to state a plausible claim.

2. Plaintiff must review and comply with the Federal Rules of Civil

---

[55] *Andrews,* 493 F.3d at 1056 (cleaned up).

[56] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[57] Docket 6.

[58] Docket 6 at 2.

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 14 of 17
Case 3:25-cv-00306-SLG    Document 7    Filed 02/23/26    Page 14 of 17

Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[59] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

3. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff.

5. If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count

---

[59] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 15 of 17
Case 3:25-cv-00306-SLG    Document 7    Filed 02/23/26    Page 15 of 17

as a strike.

6. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

7. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[60] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the $350 filing fee from Plaintiff's prisoner trust account.

8. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[61] Failure to comply may result in dismissal of this action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[62] The Notice shall not include requests for any other relief.

---

[60] 28 U.S.C. § 1915(b)(1)&(2).

[61] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[62] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 16 of 17
Case 3:25-cv-00306-SLG    Document 7    Filed 02/23/26    Page 16 of 17

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 23rd day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

advised of the party's current address and telephone number").

Case No. 3:25-cv-00306-SLG, *Angellan v. Kargas, et al.*
Screening Order
Page 17 of 17
Case 3:25-cv-00306-SLG    Document 7    Filed 02/23/26    Page 17 of 17